MINNIE McGHEE

v.

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

GOVERNMENTAL FUNCTION—*no liability for Ultra Vires act of militiamen.*
The State in the use of the State Militia to maintain order, to quell a disturbance or race riot, exercises a governmental function and is not liable for the *Ultra Vires* act of a militiaman.

SOCIAL JUSTICE AND EQUITY—*when claim may be allowed.* While there may be no legal liability existing against the State yet where the circumstances of the case warrant it, the Court may as an act of social justice and equity enter an award in favor of the claimant.

Edward J. Brundage, Attorney General, for State.

This claim is brought by Minnie McGhee a colored girl. It appears from the evidence that in 1916 she came from Mississippi to East St. Louis, Illinois. She lived in East St. Louis continuously to the time of the riot beginning July 1st, 1917. It appears on July 3rd, 1917 and for sometime prior thereto the said Minnie McGhee, claimant, had been working as a domestic at the boarding house of Mary Gray and William Gray on the Island in East St. Louis. It appears from the evidence that there were 21 Companies of Militia sent to the City of East St. Louis during these times. It appears from the evidence that on the morning of July 3rd, that Minnie McGhee had gone into the backyard of the premises where she was employed, to empty garbage in the course of her employment and as she turned to go back from the house, one of a party of three militiamen raised his rifle and without provocation so far as the evidence discloses, shot off her right arm. It appears from the evidence that no other colored persons were near or between her and the soldiers or in such a position that the militiamen shooting at them, might have accidently shot the girl. It appears that the claimant is positive that this militiaman shot at her. It further appears from the evidence that neither Minnie McGhee or any other witness knew or could ascertain the name of the militiaman who fired the shot. He was not arrested at the time of the riot. The name of this man was not disclosed by anyone or by any investigation had relative to the riots or of this particular incident. It further appears that the facts as herein stated have been substantially agreed upon between the State and the claimant. It is the opinion of this Court in this case the State of Illinois and the City of East St. Louis in their efforts through the State Militia and the police force to maintain order to quell a disturbance or a riot, were exercising the police power of the State and city and it is the opinion of this Court that the State is not liable for ulra

vires act of a State Militiaman under the circumstances surrounding this case. It is the opinion of this Court that under our laws this claim has no place against the State of Illinois. It is a deplorable case, one which naturally attracts the sympathy of all. This Court recognizes in full the necessity of a State or city to exercise police power in maintaining law and order within its jurisdiction and apparently the only means at hand to procure peace in East St. Louis territory during the riot was through the Militia. Yet it must be conceded that the law abiding citizens in this territory during those trying times had their rights. While of course it is reasonable to assume if the riots did not take place the Militia would not have been called there and consequently the injury to the claimant would not have occurred. It is also a matter of fact that in extraordinary conditions, injuries will be done persons and property damaged and it is not the intention of this Court in this decision to making any precedent obligating the State of Illinois under such conditions as existed in the case at issue. However, in view of the fact this is a particularly unfortunate case, the claimant being thus deprived of a member of her body which enabled her to earn her living, it is the opinion of the Court that as a matter of equity and social justice, that the claimant be allowed some compensation to assist her in her life efforts. However, in making an allowance it is not the intention of the Court, nor has the Court the power of any precedent to fully compensate the claimant for the loss sustained, however, in conformity with the recent rulings of this Court wherein particular cases warranted the Court to consider equity and socity justice, it is ordered that the claimant be awarded the sum of two thousand five hundred dollars.